IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JORDAN BRESLOW,<br><br>                    Plaintiff,<br><br>         v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                    Defendant. | :<br>:<br>:<br>:<br>:  Civil Action No. 2:20-cv-04896 (ECR) (M-H)<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") moves this Court to enter an Order dismissing plaintiff's Complaint for failure to state a claim upon which relief can be granted. *Pro se* plaintiff Jordan Breslow,[1] the sole beneficiary of a life insurance policy issued on his late mother's life, demands $277,219 of allegedly unpaid life insurance death benefits, $2,186.01 of allegedly un-refunded premiums, and punitive damages of $220,000. *See* Complaint at p. 1. On June 30, 2020, MetLife transferred $77,189.23 to plaintiff's TD bank account, which consisted of the correct death benefit amount due with 3% interest calculated from the date of his insured mother's death and a $15.00 stop payment fee relating to the prior death benefit check issued in the incorrect amount. *See* Complaint, Exhibits R and S. Quite simply, plaintiff seeks to take advantage of what he does not dispute were

---

[1] Mr. Breslow is a licensed accident and health, life and fixed annuities producer in Pennsylvania. *See* https://apps02.ins.pa.gov/producer/ilist1.asp.

administrative errors and walk away with $277,219 in additional purported death benefits to which he is not entitled.

Plaintiff claims that he is entitled to a $277,219 plus windfall because MetLife violated the (1) the Unfair Insurance Practices Act ("UIPA") and (2) the "Pennsylvania Insurance Code."[2] *See id*. at pp. 1-2.  The claims asserted are deficient as a matter of law and should be dismissed with prejudice.

The UIPA and Insurance Department regulations do not create private causes of action for citizens.  Only the Insurance Commissioner of the Commonwealth of Pennsylvania may enforce the UIPA and Pennsylvania Insurance Regulations.  Here, plaintiff voiced his concerns to the Pennsylvania Department of Insurance.  The Department did not find any non-compliance with Pennsylvania Insurance Statutes and Regulations.  By letter dated July 6, 2020 to plaintiff, the Department of Insurance Compliance Investigator responded:

> Re:   METROPOLITAN LIFE INSURANCE COMPANY
> 20-199-249150
>
> Dear Jordan Breslow:
>
> Thank you for contacting the Pennsylvania Insurance Department with your concerns.
>
> I have carefully reviewed all of the information we have gathered from you and the insurance company for compliance with Pennsylvania Insurance Statutes and Regulations.
>
> Metropolitan confirmed that on June 30, 2020, the correct death benefit of $77,189.23 was forwarded to you.  This amount included 3% interest from the date of death to the final date of payment and $15.00 reimbursement of the stopped fee payment.
>
> We appreciate the opportunity to review your concern.

---

[2] The Pennsylvania Code is the official repository for all commonwealth regulations, including Insurance Department regulations.  Presumably, plaintiff is seeking damages for MetLife's alleged violation(s) of unspecified Pennsylvania Insurance Department regulations.

*See id.*, Exhibit S.

Plaintiff's Complaint should be dismissed with prejudice.

## II.   PROCEDURAL BACKGROUND AND STATEMENT OF FACTS

### A.   Plaintiff's Allegations[3]

On September 2, 2020, *pro se* plaintiff Jordan Breslow, a licensed life insurance producer and the sole beneficiary of his late mother's MetLife policy, initiated this action by filing a Civil Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania against MetLife. On October 5, 2020, MetLife removed the action to this Court and attached the Complaint as Exhibit 1 to the Notice of Removal. (ECF No. 1).[4]

Plaintiff's Complaint alleges that plaintiff is entitled to damages because MetLife violated the "UIPA and the "Pennsylvania Insurance Code." *See* Complaint at pp. 1-2. Plaintiff alleges that his late mother, Donna A. Breslow, was an employee of State Street Bank and Trust Company ("State Street") from May 1998 until her separation and termination for long term disability in September of 2019. *See id.* at p. 1. Plaintiff demands $277,219.00 of allegedly unpaid life insurance death benefits, $2,186.01 of allegedly un-refunded premiums, and punitive damages of $220,000.00. *See id.*

Plaintiff alleges that (1) Ms. Breslow, who had group life insurance pursuant to a MetLife Certificate of Insurance (the "Group Certificate of Coverage") issued as part of the State Street Benefit Plan elected to convert the available basic and optional life insurance amounts; and (2) MetLife issued Policy No. XXXXX2032 A with a face amount of $348,000, an effective date of

---

[3] The allegations of the Complaint set forth herein are accepted as true for purposes of this motion only.

[4] Personal identifiers are partially redacted in accordance with Rule 5.1.3 of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.

3

November 1, 2019, and a quarterly premium of $3,977.72.  *See id*.  Plaintiff further alleges that Policy No. XXXXX2032 was taken and paid for on December 30, 2019.  *See id*.  Plaintiff claims that MetLife then improperly rescinded Policy No. XXXXX2032 A, issued Policy No. XXXXX0347 A with a face amount of $70,781 and a quarterly premium of $978.37, and did not refund sufficient premiums.  *See id*. at pp. 1-2.

        **B.**      **The Life Insurance Policies Issued and the Undisputed Error in the Original Policy's Face Amount**

On May 9, 2007, MetLife originally issued Life Paid-Up At 100 Policy No. XXXXX2032 A in the face amount of $348,000 to Donna A. Breslow, insuring the life of Ms. Breslow based on the Basic and Optional Life Insurance Amounts that State Street Benefit Plan's third party record-keeper provided were available for conversion pursuant to the Group Certificate of Coverage.  *See id*., Exhibits A, K and L.  MetLife issued Policy No. XXXXX2032 A in the incorrect face amount because the documentation provided by the third party record-keeper for State Street Benefit Plan did not reflect that Ms. Breslow had received Accelerated Benefit Option ("ABO") payment amounts of $184,812.61 in Basic Life and of $92,406.30 in Supplemental Life on April 25, 2019.  *See id*., Exhibits K and L.  The Group Certificate of Coverage provided that the amount a participant is entitled to convert will be decreased by the amount of any ABO payments.  *See id*.  As a result, Ms. Breslow only was eligible to convert to Basic Life of $47,187.39 and Supplemental Life of $23,593.70 for a total death benefit $70,781.  *See id*.  Accordingly, as MetLife advised Ms. Breslow by letter dated March 9, 2020, MetLife cancelled the original Policy No. XXXXX2032 A and replaced it with Policy No. XXXXX0347 A, which issued with the correct death benefit amount of $70,781.  *See id*.  MetLife then applied the premiums paid for cancelled Policy No. XXXXX2032 A to amended Policy No. XXXXX0347 A, and refunded excess premiums.  *See id*., Exhibit K.

4

### C.     The Undisputed Error in Overpaying the Death Benefit

On April 9, 2020, Ms. Betlow died. *See id*. at p. 1, Exhibit J. Thereafter, plaintiff submitted a claim form, which referenced cancelled Policy No. XXXXX2032 A and amended Policy No. XXXXX0347 A. *See id*. at Exhibit K. The claims examiner did not properly identify Policy No. XXXXX2032 A as having been cancelled and incorrectly issued a check in the amount of $416,695.75.[5] *See id*. The claim examiner should have issued a death benefit check based on amended Policy No. XXXXX0347 A in the face amount of $70,781. *See id*. MetLife stopped payment on the check. *See id*., Exhibits K and P.

On June 30, 2020, MetLife transferred $77,189.23 to plaintiff's TD bank account, which consisted of the correct death benefit amount due with 3% interest calculated from the date of his insured mother's death and a $15.00 stop payment fee relating to the prior death benefit check issued in the incorrect amount. *See id*., Exhibits R and S. Thereafter, plaintiff filed a complaint with Pennsylvania Department of Insurance. The Department did not find any non-compliance with Pennsylvania Insurance Statutes and Regulations. *See id*., Exhibit S. By letter dated July 6, 2020 to plaintiff, the Department of Insurance Compliance Investigator responded:

> Re:    METROPOLITAN LIFE INSURANCE COMPANY
>        20-199-249150
>
> Dear Jordan Breslow:
>
> Thank you for contacting the Pennsylvania Insurance Department with your concerns.
>
> I have carefully reviewed all of the information we have gathered from you and the insurance company for compliance with Pennsylvania Insurance Statutes and Regulations.

---

[5] This amount incorrectly equaled the face amounts of cancelled Policy No. XXXXX2032 A and amended Policy No. XXXXX0347 A ($418,781) less the cost of two quarterly premiums for cancelled Policy No. XXXXX2032 A ($7,955.44) plus a refund of the unused premium applied to amended Policy No. XXXXX0347 A ($5,870.22). *See id.*, Exhibit K.

> Metropolitan confirmed that on June 30, 2020, the correct death benefit of $77,189.23 was forwarded to you. This amount included 3% interest from the date of death to the final date of payment and $15.00 reimbursement of the stopped fee payment.
>
> We appreciate the opportunity to review your concern.

*See id.*

### III.   ARGUMENT

#### A.   Motion to Dismiss Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The plaintiff bears the burden of demonstrating the existence of facts sufficient "to suggest the required element" of its claim. *Philips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In doing so, speculative and conclusory allegations are inadequate to meet this burden. *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Twombly*, 550 U.S. at 557). A plaintiff must assert more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citing *Twombly*, 550 U.S. at 555). Consequently, to survive a 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim to relief that is "plausible," as opposed to merely "conceivable." *Twombly*, 550 U.S. at 555.

#### B.   Plaintiff's Claims Fail as a Matter of Law.

Plaintiff claims that he is entitled to a $277,219 plus windfall and to punitive damages because MetLife violated the UIPA and the "Pennsylvania Insurance Code." *See* Complaint at

pp. 1-2. The claims asserted are deficient as a matter of law and should be dismissed with prejudice.

Court within the Third Circuit and the Commonwealth of Pennsylvania have consistently held that the UIPA and Insurance Department regulations do not create private causes of action for citizens. Only the Insurance Commissioner of the Commonwealth of Pennsylvania may enforce the UIPA and Pennsylvania Insurance Regulations. *See Leach v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008) ("there is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner"); *Upper Pottsgrove Twp. v. Int'l Fid. Ins. Co.*, 976 F. Supp.2d 598, 604 (E.D. Pa. 2013) ("The UIPA does not create a private right of action but instead allows the Insurance Commissioner to regulate bad faith claims"); *Weinberg v. Nationwide Cas. & Ins. Co.*, 949 F. Supp.2d 588, 598 (E.D. Pa. 2013) ("Courts within the Third Circuit and the Commonwealth of Pennsylvania continue to recognize that the UIPA does not provide plaintiffs with a private cause of action."); *Gen. Cable Corp. v. Ins. Co. of N. Am.*, No. 10-1958, 2010 WL 11558267, at *2 (E.D. Pa. Oct. 29, 2010) (granting a defendant's motion to dismiss to the extent the claim relied on the UIPA because that statute does not convey to citizens a private cause of action); *Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp.2d 521, 531 (M.D. Pa. 2007) ("The UIPA does not create a private cause of action for citizens."); *Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F. Supp. 616, 620 (W.D. Pa. 1996) ("it is clear that there is no private cause of action under the UIPA or the Unfair Claims Settlement Practices Regulations"); *Clapps v. State Farm Insurance Co.*, 447 F. Supp.3d 293, 302-303 (E.D. Pa. 2020) (UIPA and related regulations do not provide plaintiffs with a private cause of action and only Pennsylvania's Insurance Commissioner may enforce the statute or related regulations); *Romano v. Nationwide Mutual Fire Insurance Co.,* , 435 Pa. Super. 545, 552, 646 A.2d 1228,

1232 (1994) ("It is clear that the UIPA and the Department of Insurance Regulations can only be enforced by the state insurance commissioner and not by way of private action").

Here, plaintiff voiced his complaint to the Pennsylvania Department of Insurance and the Department did not find any non-compliance with Pennsylvania Insurance Statutes and Regulations. *See* Complaint, Exhibit S. Indeed, plaintiff does not dispute that the face amount of cancelled Policy No. XXXXX2032 A was calculated in error and should have been $70,781 rather than $348,000. Nor does he dispute that he erroneously received the payment of death benefits under cancelled Policy No. XXXXX2032 A and amended Policy No. XXXXX0347 A, requiring a stop payment on the check and repayment of the correct amount due.

Plaintiff's claims should be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, MetLife requests the entry of an Order dismissing the Complaint with prejudice.

Dated: October 12, 2020              **McCARTER & ENGLISH, LLP**

By:   /s/ Penelope M. Taylor
Penelope M. Taylor, Esquire
1600 Market Street, Suite 3900
Philadelphia, PA 19103
T: (973) 639-7947
F: (973) 297-3837
ptaylor@mccarter.com

Attorneys for Defendant
Metropolitan Life Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Motion to Dismiss, Supporting Memorandum, and proposed Order was filed electronically using the Court Electronic Filing System on this 12th day of October, 2020 and was served via email and overnight delivery upon:

> Jordan Breslow
> 550 American Ave.
> Suite 203
> King of Prussia, PA 19102
> *Pro se Plaintiff*
> jordanbreslow93@gmail.com

>> */s/ Penelope M. Taylor*
>> Penelope M. Taylor