IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BRESLOW,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | :<br>:<br>:<br>:<br>: Civil Action No. 2:20-cv-04896 (ECR)(M-H)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant"), through its attorneys, McCarter & English, LLP, hereby responds to plaintiff's Amended Complaint (the "Complaint") as follows:

1. The allegations contained in the first unnumbered paragraph of the Complaint call for a legal conclusion, and, accordingly, no response is required. To the extent a response is deemed to be required, MetLife denies the allegations.

2. With respect to the allegations contained in the second unnumbered paragraph of the Complaint, MetLife only admits that MetLife issued Life Paid-Up At 100 Policy No. XXX XX2 032 A in the incorrect face amount of $348,000 to Donna A. Breslow ("Ms. Breslow") with an effective date of November 1, 2019 due to a mistake regarding the amount Ms. Breslow was eligible to convert to individual life insurance coverage pursuant to a MetLife Certificate of Insurance (the "Group Certificate of Coverage") issued as part of the State Street Benefit Plan and that it received a quarterly premium payment of $3,977.22 for Policy No. XXX XX2 032 A on or about December 30, 2020. MetLife denies the remaining allegations contained in the

second unnumbered paragraph of the Complaint.

3. With respect to the allegations contained in the third unnumbered paragraph of the Complaint, MetLife only admits that MetLife properly cancelled Policy No. XXX XX2 032 A and issued Policy No. XXX XX0 347 A with the correct face amount of $70,781 that was available for conversion pursuant to the Group Certificate of Coverage and refunded any excess premiums paid. MetLife denies the remaining allegations contained in the third unnumbered paragraph of the Complaint.

4. The allegations contained in the fourth unnumbered paragraph of the Complaint call for a legal conclusion, and, accordingly, no response is required. To the extent a response is deemed to be required, MetLife denies the allegations.

5. The allegations contained in the fifth unnumbered paragraph of the Complaint call for a legal conclusion, and, accordingly, no response is required. To the extent a response is deemed to be required, MetLife denies the allegations.

6. The allegations contained in the sixth unnumbered paragraph of the Complaint call for a legal conclusion, and, accordingly, no response is required. To the extent a response is deemed to be required, MetLife denies the allegations.

7. The allegations contained in the seventh unnumbered paragraph of the Complaint call for a legal conclusion, and, accordingly, no response is required. To the extent a response is deemed to be required, MetLife denies the allegations.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim against MetLife upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Any damages suffered by Plaintiff are due solely to the action of others not under the direction or control of MetLife.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all times MetLife acted in good faith and in accordance with the reasonable and lawful commercial standards and practices applicable to its business.

**FOURTH AFFIRMATIVE DEFENSE**

MetLife breached no contracts and violated no duty or obligation owed to Plaintiff and properly cancelled Policy No. XXX XX2 032 A and issued Policy No. XXX XX0 347 A in the correct face amount of $70,781, paid the proper death benefit due to Plaintiff, and refunded any excess premiums paid.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by principles of mistake, estoppel, laches, and other equitable doctrines.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim are barred by the terms and conditions of the Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint also should be stricken for failure to join an indispensable or necessary party, the Estate of Diane A. Breslow.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

MetLife reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend the Answer to assert such affirmative defenses.

**WHEREFORE**, Defendant MetLife demands that the Complaint be dismissed with prejudice, and that it be awarded costs of suit, including recovery of reasonable attorneys' fees.

## COUNTERCLAIM FOR DECLARATORY RELIEF IN THE FORM OF RESCISSION

Should there be a judicial determination that Policy No. XXX XX2 032 A was not automatically voided at the time Metropolitan Life Insurance Company reversed/cancelled Policy No. XXX XX2 032 A and issued Policy No. XXX XX0 347 A in the correct face amount of $70,781, Defendant/Counterclaim Plaintiff Metropolitan Life Insurance Company ("MetLife" or "Defendant") through its attorneys, McCarter & English, LLP, asserts the following Counterclaim for Declaratory Relief in the form of Rescission against Plaintiff/Counterclaim Defendant Jordan Breslow, as follows:

### Parties

1. Counterclaim Plaintiff MetLife is a New York corporation with its principal place of business in the State of New York.

2. Counterclaim Defendant Jordan Breslow (Mr. Breslow") is, upon information and belief, an individual residing at 314 South Henderson Rd., Suite G-103, King of Prussia, Pennsylvania.

**Jurisdiction And Venue**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to the provisions of 28 U.S.C. § 1391(a) inasmuch as a substantial part of the events giving rise to the claim occurred in this District.

**Factual Background**

6. As an employee of an affiliate of State Street Corporation, Donna A. Breslow ("Ms. Breslow") had group life insurance pursuant to a MetLife Certificate of Insurance (the "Group Certificate of Coverage") issued to her as part of the State Street Benefit Plan. A true and correct copy of the Group Certificate of Coverage is attached as Exhibit A.

7. The Group Certificate of Coverage issued to Ms. Breslow provides that "[t]he amount to which You are entitled to convert under the section entitled LIFE INSURANCE: CONVERSION OPTION FOR YOU, will be decreased by … the amount of the accelerated benefit paid by Us." See Exhibit A at p. 68.

8. On or about April 15, 2019, Ms. Breslow submitted an Accelerated Benefit Option ("ABO") claim pursuant to the Group Certificate of Coverage.

9. On or about April 25, 2019, Ms. Breslow received ABO payments of $184,812.61 in Basic Life and of $92,406.30 in Supplemental Life.

10. Pursuant to the terms of Group Certificate of Coverage, Ms. Breslow only was eligible to convert to individual Basic Life of $47,187.39 and Supplemental Life of $23,593.70 for a total death benefit $70,781 due to her prior receipt of ABO benefits.

11. In May of 2019, Ms. Breslow signed an Application for proposed coverage and a Group Conversion Supplement, which are part of Exhibit A to Plaintiff's Amended Complaint ("Complaint").

12. On or about November 1, 2019, MetLife issued Life Paid-Up At 100 Policy No. XXX XX2 032 A in an incorrect face amount of $348,000 to Ms. Breslow because the documentation provided by the third party record-keeper for State Street Benefit Plan did not reflect that Ms. Breslow had received ABO benefits pursuant to the terms of the Group Certificate of Coverage.

13. In reviewing its records to verify the amount of coverage, MetLife became aware that there had been a mistake as to an essential fact that formed the basis for the contract in that Ms. Breslow had previously received ABO benefits pursuant to the terms of the Group Certificate of Coverage.

14. By letter dated March 9, 2020 to Ms. Breslow, which is attached to the Complaint as an unlettered Exhibit, MetLife explained the mistake as to this essential fact in detail and advised that the converted life insurance would be changed to reflect the correct face amount and that it would refund any excess premiums.

15. On or about March 24, 2020, MetLife reversed/cancelled the original Policy No. XXX XX2 032 A and replaced it with Policy No. XXX XX0 347 A, which issued with the correct death benefit amount of $70,781.

16. On or about March 27, 2020, MetLife issued excess premium refund checks, which were subsequently negotiated.

17. On April 9, 2020, Ms. Breslow died.

18. Thereafter, Plaintiff, as beneficiary, submitted a claim for death benefits.

19. On June 30, 2020, MetLife transferred $77,189.23 to Plaintiff's TD bank account, which consisted of the correct death benefit amount due with 3% interest calculated from the date of his insured mother's death and a $15.00 stop payment fee.

### COUNT I – DECLARATORY RELIEF IN THE FORM OF RESCISSION

20. MetLife repeats, repleads and incorporates by reference the allegations set forth in paragraphs 1-19 above, the same as if they had been fully set forth herein.

21. An actual controversy has arisen and now exists between MetLife and Mr. Breslow concerning their respective rights and duties under Policy No. XXX XX2 032 A.

22. MetLife contends that Policy No. XXX XX2 032 A is void and of no force or effect since its inception because of a mutual mistake as to an essential fact that formed the basis for the contract.

23. Alternatively, MetLife contends that Policy No. XXX XX2 032 A is void and of no force or effect since its inception because of a unilateral mistake as to an essential fact that formed the basis for the contract.

24. Ms. Breslow and Mr. Breslow, a licensed insurance producer who assisted Ms. Breslow with the conversion process, had reason to know of the mistake.

25. Under Pennsylvania law, if parties enter into a contract upon a mistake as to an essential fact that goes to the essence of the contract, the contract is voidable and can be rescinded.

26. A declaration is necessary and appropriate at this time in order that MetLife may ascertain its respective rights and duties pursuant to Policy No. XXX XX2 032 A, if any.

**WHEREFORE**, Defendant/Counterclaim Plaintiff Metropolitan Life Insurance Company respectfully demands the following relief:

A. Judgment in its favor on Count I of the Counterclaim against Plaintiff/Counterclaim Defendant Jordan Breslow pursuant to 28 U.S.C. § 2201;

B. A Declaration that Metropolitan Life Insurance Company Policy No. Policy No. XXX XX2 032 A is of no force and effect and that Plaintiff/Counterclaim Defendant Jordan Breslow has no interest therein;

C. A Declaration that Metropolitan Life Insurance Company has properly denied Plaintiff/Counterclaim Defendant Jordan Breslow's claim for benefits under Policy No. XXX XX2 032 A;

D. A Declaration that Metropolitan Life Insurance Company has no liability for the payment of policy proceeds under Policy No. XXX XX2 032 A and has fully paid Plaintiff any and all death benefit due pursuant to Policy No. XXX XX0 347 A; and

E. That this Court grant such other and further relief as it deems just and proper.

|  |  |
|---|---|
|  | **McCARTER & ENGLISH, LLP** |
| Dated: December 7, 2020 | By: *Penelope M. Taylor*<br>Penelope M. Taylor, Esquire<br>PA Attorney ID No. 325513<br>1600 Market Street, Suite 3900<br>Philadelphia, PA 19103<br>T: (215) 979-3800<br>F: (215) 979-3899<br>ptaylor@mccarter.com<br><br>Attorneys for Defendant Metropolitan Life Insurance Company |

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Answer to Amended Complaint, Affirmative Defenses, and Counterclaim for Declaratory Relief was filed electronically using the Court Electronic Filing System on this 7th day of December, 2020 and is available for download by plaintiff.

*Penelope M. Taylor*
Penelope M. Taylor
